# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS WESTERN DIVISION

U.S. ex rel. Everardo T. Alegria     )
     (B-01085),     )
     )
     Petitioner,     )     Case No: 14 C 5451
     )
v.     )
     )     Judge Philip G. Reinhard
Tarry Williams, et al.,     )
     )
     Respondents.     )

## ORDER

For the reasons stated below, petitioner's motion to alter or amend judgment pursuant to Rule 59(e) and/or Rule 60(b) [48] is denied.

## STATEMENT-OPINION

Petitioner Everardo T. Alegria has filed a motion pursuant to Federal Rule of Civil Procedure 59(e) and/or 60(b) asking the court to reopen or set aside its April 13, 2015 order. *See* [48]. In the court's April 13, 2015 order it dismissed petitioner's Section 2254 motion for post conviction relief because the petition was untimely.[1] *See* [45]. It also declined to issue a certificate of appealability.

Because petitioner refers to the present motion as one for relief under both Rules 59(e) and 60(b), some discussion of the purposes and standards regarding those rules is appropriate. A Rule 59(e) motion for modification of judgment allows a court to reconsider matters "encompassed within the merits of the underlying action." *Miller v. Safeco Ins. Co. of America*, 683 F.3d 805, 814 (7th Cir. 2012) (quotations omitted). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." *Obriecht v. Raemisch*, 517 F.3d 489, 494 (7th Cir. 2008). The Seventh Circuit has held that a Rule 59(e) motion is not typically to be construed as a successive habeas petition for purposes of AEDPA and thus may be ruled upon by the district court. *See Curry v. United States*, 307 F.3d 664, 665 (7th Cir. 2002).

---

[1]In the court's order, it also noted that the petition would also fail on the merits because while it raised a plethora of arguments, most of them were difficult to discern and were only bare conclusions without support which do not warrant relief under Section 2254. *See United States v. Hodges*, 259 F.3d 655, 660 (7th Cir. 2001) (noting that unsupported claims in habeas corpus petitions do not meet the threshold requirements and do not warrant relief.).

1

In contrast, "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005); Fed. R. Civ. P. 60(b) (setting forth statutory bases for a 60(b) motion). Because a 60(b) motion is a collateral attack on a final judgment, it can be subject to AEDPA's limitations on successive habeas petitions. *See id.*; *Curry*, 307 F.3d at 665. Indeed, the Seventh Circuit has repeatedly held the mere fact that a prisoner labels a motion as a civil Rule 60(b) motion rather than a section 2254 petition is immaterial. *United States v. Carraway*, 478 F.3d 845, 848 (7th Cir. 2007) (citations omitted). Instead, "it is the substance of the petitioner's motion that controls how the request for relief shall be treated." *Id.* If the substance of the motion reveals that it is truly a second or successive section 2254 petition, then such a motion must be authorized by the court of appeals before a district court has jurisdiction to consider the motion's merits. *See id.* at 849 (citing *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)). On the other hand, if the substance of the motion attacks "some defect in the integrity of the federal habeas proceedings[,]" then the motion should not be construed as a successive section 2254 petition and the district court can consider the merits of the motion. *Gonzales*, 545 U.S. at 532; *see also West v. Schneiter*, 485 F.3d 393, 395 (7th Cir. 2007) (petitioner's 60(b) motion arguing that section 2254 petition should not have been dismissed because "the district judge had been mistaken to think the application untimely" was "the sort of argument that under *Gonzalez* is not a new claim for release and thus does not inaugurate a new collateral attack").

Here, petitioner states that he is entitled to relief due to "corrupt manifest error of law and fact" and because he "presents newly discovered evidence that was not previously available." *See* [48] at 3. These contentions mirror the standard of Rule 59(e), and the remainder of petitioner's motion includes various arguments he has made in previous filings which are difficult to discern but are generally to the effect that he is entitled relief under section 2254. Because the motion appears targeted at the underlying merits of petitioner's section 2254 motion rather than a procedural defect in the court's April 13, 2015 order, the court cannot consider it as a Rule 60(b) motion under *Gonzales* and *Schneiter*, and thus will construe it as a Rule 59(e) motion. Nevertheless, the motion must fail because petitioner has set forth no reason to set aside the court's April 13, 2015 order.

First, although petitioner nominally refers to "newly discovered evidence," the motion does not actually contain any new information. Rule 59(e) motions "are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller*, 683 F.3d at 813 (internal quotations omitted). Petitioner points to no evidence or argument that was not known to him at the time of his original petition. Rather, he simply rehashes old arguments, a practice which the Seventh Circuit has explicitly found to be an inappropriate use of Rule 59(e). *See Vesely v. Armslist LLC*, 762 F.3d 661, 666 (7th Cir. 2014).

Second, petitioner contends that the court has committed manifest error of law. "A manifest error is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Not only does petitioner point to no controlling precedent that the

court has failed to recognize, he barely acknowledges the court's finding that his section 2254 petition was untimely. Again, "[c]ontrary to [the manifest error] standard, [petitioner's] motions merely took umbrage with the court's ruling and rehashed old arguments." *Id.* As such, petitioner's motion for relief pursuant to Rule 59(e) and/or 60(b) [48] is denied.

The court declines to issue a certificate of appealability. As with section 2254 petitions, motions under Rule 60(b) or 59(e) require a certificate of appealability to appeal. *See West v. Schneiter*, 485 F.3d 393, 394 (7th Cir. 2007) (appeal of Rule 60(b) motions in habeas cases require certificate); *see also Jackson v. Albany Appeal Bureau Unit*, 442 F.3d 51, 53-54 (2d Cir. 2006) (certificate required for appeal from Rule 59(e) motion where underlying judgment is of habeas petition). A certificate of appealability is not granted as a matter of right and instead may only be granted "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing occurs when "reasonable jurists could debate whether (or, for that matter, agree that) the [motion] should have been resolved in a different matter or that the issues presented were adequate to deserve encouragement to proceed further." *Resendez v. Knight*, 653 F.3d 445, 446 (7th Cir. 2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

For the reasons set forth above, the court finds that petitioner has not proffered new evidence or shown that the court committed a manifest error of law with regard to the court's April 13, 2015 order, and does not find that "reasonable jurists could debate whether . . . the [motion] should have been resolved in a different matter." *Id.* Thus, because there is no substantial question for appeal, the court declines to issue a certificate of appealability.

Date: 5/7/2015                    ENTER:


_Philip G. Reinhard_
_____
United States District Court Judge


*Notices mailed by Judicial Staff. (LC)*